**NOT FOR PUBLICATION**

                UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ROGERS, | CIVIL ACTION NO. 08-2080 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| MICHAEL DENHAM, et al., | |
| Defendants. | |

**THE PLAINTIFF**, Michael Rogers (the "Plaintiff"), having commenced this action against the defendants, Michael Denham ("Denham") and the Township of Freehold (collectively, the "Defendants") on March 10, 2008 in New Jersey Superior Court, alleging that the Defendants violated his rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ ("Sections") 1983 and 1988 (dkt. entry no. 1, Not. Rmv., Ex. A, Compl.); and the Plaintiff asserting, <u>inter alia</u>, that on July 14, 2005, Denham (1) detained him "without a reasonable and justifiable suspicion of any criminal activity", and (2) arrested him without a warrant or probable cause (<u>id.</u>, at ¶¶ 7-9); and the Defendants having removed this action on April 28, 2008 pursuant to 28 U.S.C. §§ 1331 and 1441 (a)-(c) (<u>id.</u>, Not. Rmv.); and the Defendants now moving to dismiss the complaint, except for the malicious

prosecution claim asserted therein, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (dkt. entry no. 6);[1] and

**IT APPEARING** that the Court, in determining a motion to dismiss, (1) must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the Plaintiff, Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004), Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001), but (2) need not credit bald assertions or legal conclusions alleged in the complaint, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997), Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); and it further appearing that the Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)", Bell Atl. Corp. v. Twombly, 127 S.Ct. 1995, 1965 (2007); and

**THE COURT** noting that a plaintiff asserting civil rights violations under Section 1983 must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution or the laws of the United States, Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995); and the Court noting that Section 1983 does not create substantive rights, but instead provides a remedy for the

---

[1] The Plaintiff did not submit any opposition to the motion.

violation of rights created by other federal laws, id., Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); and the Court further noting that a claim brought pursuant to Section 1983 is subject to the statute of limitations for personal injury actions in the state in which the claim arises, see Wallace v. Kato, 127 S.Ct. 1091, 1094 (2007), O'Connor v. City of Newark, 440 F.3d 125, 126 (3d Cir. 2006) (noting that actions brought under Section 1983 are governed by the personal injury statute of limitations in the state in which the cause of action accrued), Cox v. Bor. of Fort Lee, No. 05-1498, 2005 U.S. App. LEXIS 23958, at *4 (3d Cir. Nov. 4, 2005) (explaining that an action brought under Section 1983 is subject to the state statute of limitations governing personal injury actions);[2] and the Court thus determining that the Plaintiff's Section 1983 claims are subject to New Jersey's two-year statute of limitations for personal injury actions, Padilla v. Twp. of Cherry Hill, 110 Fed.Appx. 272, 276 (3d Cir. 2004), see N.J.S.A. § 2A:14-2; and the Court emphasizing that a statute of limitations defense may be raised by a Rule 12(b)(6) motion, "but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations'", Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (internal citation omitted); and

---

[2] The Defendants failed to cite Wallace in their brief.

**THE DEFENDANTS** arguing, <u>inter alia</u>, that the Plaintiff failed to timely bring his claims for false imprisonment and false arrest against the Defendants within the applicable two year statute of limitations, and thus, the complaint, except for the malicious prosecution claim, should be dismissed as time-barred pursuant to Rule 12(b)(6) (dkt. entry no. 6, Def. Br., at 1); and

**THE COURT** finding that the statute of limitations has expired on the Plaintiff's claims in paragraphs 7 through 9 of the complaint, which essentially assert false imprisonment and false arrest claims under Section 1983, because the Plaintiff (1) was arrested on July 14, 2005, (2) presumably had "legal process . . . initiated against him" soon thereafter in accordance with New Jersey law, and (3) did not commence this action until March 10, 2008, a date after the two-year limitations period had expired (Compl.), <u>Wallace</u>, 127 S.Ct. at 1096 (explaining that the statute of limitations for false arrest and false imprisonment claims begins to run when legal process is initiated), <u>see</u> N.J.Ct.R. 3:9-1(c) (setting forth legal process after arrest); and the Court thus concluding that the Plaintiff's false imprisonment and false arrest claims are time barred, <u>see</u> <u>O'Connor</u>, 440 F.3d at 126;[3] and the Court intending to grant the

---

[3] The Plaintiff did not oppose the motion. Thus, the Plaintiff concedes that these claims are untimely.

motion and dismiss the Plaintiff's false imprisonment and false arrest claims;[4] and the Court deciding the motion without oral argument pursuant to Rule 78(b); and for good cause appearing the Court will issue an appropriate order and judgment.[5]

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated: July 14, 2008

---

[4] The Plaintiff alleges that the "arrest was conducted in a violent manner constituting an assault". (Compl., at ¶ 9.) The Defendants do not address this statement as a separate claim, and the Plaintiff does not oppose this characterization. Nevertheless, to the extent such statement asserts a claim for excessive force, such claim would also be barred by the applicable statute of limitations, which began to run on such claim on the date of the arrest.

[5] The Court intends to issue an additional order in conjunction with the resolution of the motion. The Plaintiff would be well advised to respond to that order.